UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JORGE HERNANDEZ
MENENDEZ,

        Petitioner,

    v.                           Case No.:  2:26-cv-00754-SPC-NPM

GARRETT RIPA *et al.*,

        Respondents,

                                /

## **OPINION AND ORDER**

Before the Court are petitioner Jorge Hernandez Menendez's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 4), and Hernandez Menendez's reply (Doc. 5).  For the below reasons, the Court grants the petition.

Hernandez Menendez is a native of Cuba who was paroled into the United States on August 29, 1992.  On November 2, 2015, an immigration judge ordered Hernandez Menendez removed to Cuba and granted deferral of removal under the Convention Against Torture ("CAT").  Immigration and Customs Enforcement ("ICE") released Hernandez Menendez under an order of supervision.  Hernandez Menendez has fully complied with all conditions of supervision.

On August 8, 2025, Hernandez Menendez applied for adjustment of status under the Cuban Adjustment Act.  On October 21, 2025, the Department

of Homeland Security ("DHS") notified Hernandez Menendez that it scheduled his adjustment-of-status interview for November 25, 2025. Then, ICE abruptly ordered him to report for an unscheduled check-in on November 4, 2025. Hernandez Menendez complied, and ICE detained him. ICE provided no reason for the detention until February 13, 2026, when it issued a notice of revocation of release, indicating his case was under review for removal to a third country. On March 23, 2026, ICE gave Hernandez Menendez a Notice of Failure to Comply Pursuant to 8 CFR 241.4(g), purporting to extend the removal period because he did not make a good faith effort to obtain travel documents. The respondents make no attempt to explain what Hernandez Menendez failed to do.

Hernandez Menendez has bounced between ICE detention facilities during the last few months, and he is currently at Krome North. Hernandez Menendez challenges the legality of his detention under the Fifth Amendment *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Immigration and Nationality Act, and implementing regulations. The Court finds the *Zadvydas* claim dispositive.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period,

which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Hernandez Menendez's petition is premature because his current detention has not exceeded 180 days. They assume the six-month presumptively reasonable period of detention resets each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It

would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Hernandez Menendez has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government cannot remove Hernandez Menendez to Cuba because an immigration judge granted him CAT relief after finding he would likely be tortured if removed to Cuba, the government has not begun the process of terminating CAT deferral, and there is no evidence a third country is likely to accept him. The burden thus shifts to the respondents. While the 241.4(g) notice purported to extend the removal period, ICE issued it years after the removal period expired. What is more, the respondents do not accuse Hernandez Menendez of any specific conduct that hinders ICE's ability to execute removal. It is clear ICE had no plan for removal when it arrested Hernandez Menendez in November, and ICE was still reviewing his case for

potential third-country removal in February.  There is no evidence ICE has made any progress since then.

The Court finds no significant likelihood Hernandez Menendez will be removed in the reasonably foreseeable future.  He is entitled to release from detention under *Zadvydas*.  If removal becomes likely in the reasonably foreseeable future, ICE can detain Hernandez Menendez to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Jorge Hernandez Menendez Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1.  The respondents shall release Hernandez Menendez within 24 hours of this Order, and they shall facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

2.  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on March 31, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record